UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TIFFANY COATS,<br><br>    Plaintiff,<br><br>v.<br><br>DENIS McDONOUGH, Secretary of<br>Veterans Affairs,[1]<br><br>    Defendant. | Case No. 3:20-cv-00298<br><br>Judge Eli J. Richardson<br>Magistrate Judge Alistair E. Newbern |

# MEMORANDUM ORDER

Before the Court in this employment discrimination action are Defendant Secretary of Veterans Affairs (VA) Denis McDonough's motion to compel the release of Plaintiff Tiffany Coats's medical records (Doc. No. 54) and Coats's motion to file an untimely response to the Secretary's motion to compel (Doc. No. 65). For the reasons that follow, both motions will be granted.

## I. Factual and Procedural Background

Coats initiated this action on April 9, 2020 (Doc. No. 1), and subsequently amended her complaint twice (Doc. Nos. 10, 30). In her second amended complaint, which is the operative pleading in this action, Coats alleges that she was subjected to race-based discrimination and a hostile work environment while employed at the VA Hospital in Nashville, Tennessee, and

---

[1] Denis McDonough was sworn in as Secretary of Veterans Affairs on February 9, 2021. U.S. Dep't of Veterans Affs., Office of Public and Intergovernmental Affairs, Secretary of Veterans Affairs, https://www.va.gov/opa/bios/secva.asp (last visited Mar. 14, 2022). Under Federal Rule of Civil Procedure 25(d), he is automatically substituted as the defendant in this action. Fed. R. Civ. P. 25(d).

retaliated against for contacting an Equal Employment Opportunity (EEO) counselor about her treatment. (Doc. No. 30.) Coats also alleges that she has a disability that requires she take intermittent leave from work, but that her requests for leave under the Family and Medical Leave Act (FMLA) were denied. (*Id.*) Coats claims that these events caused her "to suffer extreme anguish, humiliation, and emotional distress . . . " as well as economic damages. (Doc. No. 30, PageID# 945, ¶ 29.) She alleged official-capacity claims against the Secretary for race discrimination and hostile work environment under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e-17 (Count I); retaliation under Title VII (Count II); and retaliation under the Rehabilitation Act of 1973, 29 U.S.C. §§ 701–796l (Count III). (*Id.*) The Court dismissed Coats's race discrimination and Rehabilitation Act retaliation claims (Counts I and III). (Doc. Nos. 70, 72.) Her race-based hostile work environment and Title VII retaliation claims (Counts I and II) remain pending.

On January 19, 2021, the Secretary served Coats with his first set of interrogatories and first request for production of documents, which included a request that Coats sign an authorization to release her medical records. (Doc. No. 57-1.) Coats did not sign the authorization, objecting that the release form was overbroad. (Doc. No. 57-3.) The Secretary agreed to limit the scope of the release to only seek medical records from some of Coats's medical providers beginning January 1, 2015, and sent an updated authorization form reflecting that change. (Doc. Nos. 57-4, 57-7.) Coats again refused to sign the authorization. (Doc. No. 57-5.)

On March 29, 2021, the Secretary moved to compel the release of Coats's medical records. (Doc. No. 54.) The Secretary argues that "[i]nformation regarding medical treatment sought at or around the same time [Coats] experienced the emotional distress she claims in this case is discoverable" and relevant to Coats's claim of emotional distress. (Doc. No. 57, PageID# 1142.)

On May 5, 2021, Coats filed a motion for an extension of time to respond to the motion to compel (Doc. No. 65), along with her response (Doc. Nos. 66, 67). Coats argues that the Secretary is not entitled to discovery of her medical records because evidence of Coats's emotional distress can be obtained from other sources, including Coats's deposition testimony and FMLA requests submitted during the period relevant to her claims. (Doc. No. 67.) Coats argues that "the information that the [Secretary] seeks is protected by the psychotherapist-patient privilege" but also that she "does not see a mental health professional and no mental health records exist." (*Id.* at PageID# 1302, 1303.)

The Secretary replies that evidence of Coats's physical and mental health is relevant as proof of the stress Coats claims she experienced during the time she was working in a hostile environment and because Coats "placed her medical conditions at issue" by claiming that the harassment and retaliation she experienced "resulted in significant mental anguish." (Doc. No. 68, PageID# 1322.) The Secretary disputes Coats's claim that no mental health records exist because Coats previously provided the Secretary with a list of Coats's mental health appointments during the relevant time period. (Doc. Nos. 68, 68-1.)

**II.     Legal Standard**

"[T]he scope of discovery is within the sound discretion of the trial court[.]" *S.S. v. E. Ky. Univ.*, 532 F.3d 445, 451 (6th Cir. 2008) (first alteration in original) (quoting *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1240 (6th Cir. 1981)). Generally, Federal Rule of Civil Procedure 26 allows discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Relevant evidence in this context is that which "'has any tendency to make a fact more or less probable than it would be without the evidence,' if 'the fact is of consequence in determining the action.'" *Grae v. Corr. Corp. of Am.*, 326 F.R.D. 482, 485 (M.D. Tenn. 2018) (quoting Fed. R. Evid. 401).

The party moving to compel discovery bears the initial burden of proving the relevance of the information sought. *See Gruenbaum v. Werner Enters., Inc.*, 270 F.R.D. 298, 302 (S.D. Ohio 2010); *see also* Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2015 amendment ("A party claiming that a request is important to resolve the issues should be able to explain the ways in which the underlying information bears on the issues as that party understands them."). A motion to compel discovery may be filed in a number of circumstances, including when "a party fails to answer an interrogatory submitted under Rule 33[,]" or "produce documents . . . as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iii)–(iv). "[A]n evasive or incomplete disclosure, answer, or response" is considered "a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). "The court will only grant [a motion to compel], however, if the movant actually has a right to the discovery requested." *Grae*, 326 F.R.D. at 485.

**III.    Analysis**

   **A.    Coats's Motion for an Extension of Time to Respond to the Secretary's Motion to Compel**

The Secretary's motion to compel was filed on March 29, 2021. (Doc. No. 54.) Under this Court's Local Rule 7.01(3), Coats's response in opposition to that motion was due fourteen days later, on April 12, 2021. *See* M.D. Tenn. R. 7.01(3) (response). On May 5, 2021, Coats filed a motion for an extension of time to respond to the Secretary's motion to compel in which she stated that the Secretary did not object to "a timely motion for an extension of time" but did "object to an untimely motion for an extension of time . . . ." (Doc. No. 65, PageID# 1297–98.) The Secretary did not file a response in opposition to Coats's motion for an extension of time, however, and has filed a reply addressing the merits of Coats's response to the motion to compel. (Doc. No. 68.)

Where a party seeks to extend a deadline after it has already passed, Federal Rule of Civil Procedure 6(b) allows extension only where "the party failed to act because of excusable neglect."

Fed. R. Civ. P. 6(b)(1)(B). The Sixth Circuit has set forth five factors to be balanced by the district court in determining whether a party's failure to act was due to excusable neglect under Rule 6(b)(1)(B):

> (1) the danger of prejudice to the nonmoving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party; and (5) whether the late-filing party acted in good faith.

*Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). The Supreme Court has held that, "[a]lthough inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect,' . . . it is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer Inv. Servs. Co.*, 507 U.S. at 392 (quoting 4A Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1165 n.13 (2d ed. 1987)).

Coats has not shown excusable neglect here. In fact, the reason for Coats's delay in moving for an extension of time is not entirely clear from her motion. However, the Secretary has not filed an opposition to Coats's motion. The Court will therefore grant Coats's motion as unopposed under this Court's Local Rule 7.01(a)(3). The Court further finds that doing so will cause no prejudice to the Secretary or other effect on these proceedings because the Secretary has filed a reply that addresses the arguments made in Coats's untimely response.

### B. The Secretary's Motion to Compel

Coats argues that her medical records are not discoverable because they are protected by the psychotherapist-patient privilege, which covers "confidential communications between a licensed psychotherapist and her patients in the course of diagnosis or treatment . . . ." *Jaffee v. Redmond*, 518 U.S. 1, 15 (1996). "Like other testimonial privileges, the patient may of course

waive the protection" of the psychotherapist-patient privilege. *Id.* at 15 n.14. The Sixth Circuit has held that a patient waives the privilege when she puts "her emotional state at issue in the case[.]" *Maday v. Pub. Libr. of Saginaw*, 480 F.3d 815, 821 (6th Cir. 2007).

Coats has placed her emotional state at issue in this case by claiming that she experienced "extreme anguish, humiliation, and emotional distress" because of her treatment at work and by seeking emotional distress damages. (Doc. No. 30, PageID# 945, ¶ 29.) She testified during her deposition that she has experienced anxiety and depression since she was a child, but that her symptoms worsened because of her treatment by her supervisor and that she began "hav[ing] panic attacks," "hyperventilating[,]" and experiencing flare-ups of Bell's Palsy. (Doc. No. 62-1, PageID# 1290.) Because Coats has placed her mental health at issue through her claims, she has waived the privilege that would normally exist as to her mental health records and the psychotherapist-patient relationship. *See Maday*, 480 F.3d at 821.

Coats also argues that she "does not see a mental health professional and no mental health records exist." (Doc. No. 67, PageID# 1302.) This argument cannot coexist with Coats's assertion of the psychotherapist-patient privilege, her admission that she sees a nurse practitioner at her primary care physician's office for treatment of her anxiety disorder (Doc. No. 67), and the list of mental health appointments that Coats produced in discovery (Doc. No. 68-1). Further, medical records beyond those related to mental health treatment are also relevant and discoverable in this case. Courts have held in other employment discrimination cases that medical records are relevant to claims for emotional distress damages because evidence of a plaintiff's medical condition may reveal other stressors that the plaintiff was experiencing during the time period relevant to her claims. *See, e.g.*, *Langenfeld v. Armstrong World Indus., Inc.*, 299 F.R.D. 547, 550 (S.D. Ohio 2014) (finding that, where "Plaintiff testified that Defendant's discrimination caused her to suffer

stress and sleep deprivation[,]" "[m]edical records revealing . . . other stressors and the extent to which they may have caused sleep deprivation . . . [we]re directly relevant to Plaintiff's claims"); *White v. Honda of Am. Mfg., Inc.*, No. 2:07-CV-216, 2008 WL 5431160, at *3 (S.D. Ohio Dec. 31, 2008) (finding that "medical records may . . . contain evidence . . . showing either the lack of a causal connection between the employer's actions and an emotional injury, or the presence of multiple causes"). As in those cases, Coats's medical records from the time period relevant to her claims may provide information about factors that contributed to the injuries she alleges and are therefore discoverable.

Coats has not cited any legal authority to support her argument that her own testimony and FMLA documentation preclude discovery of her medical records. The Secretary is entitled to "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Coats's medical records are relevant to her claims in this action and that discovery of those records from the limited time period sought by the Secretary (Doc. No. 57-4) is proportional to the needs of this case. Accordingly, the Secretary's motion to compel the release of Coats's medical records will be granted.

Coats has requested that "a protective order be entered that limits her protected health information to attorney eyes only and used only in this matter." (Doc. No. 67, PageID# 1305.) Coats has not provided any indication that she conferred with the Secretary regarding the terms of a protective order as required by Local Rule 37.01, and she offers no proposed protective order with her motion. The Court therefore finds that entry of a protective order is not warranted at this time. *See* M.D. Tenn. R. 37.01(a) (good faith attempt at resolution).

### IV.    Conclusion

For the foregoing reasons, Coats's motion for an extension of time to file a response (Doc. No. 65) and the Secretary's motion to compel the release of Coats's medical records (Doc. No. 54)

are GRANTED. Coats is ORDERED to produce a signed authorization for the release of her medical records by no later than March 28, 2022.

The Clerk of Court is DIRECTED to change the case caption to reflect that Denis McDonough, in his official capacity as Secretary of Veterans Affairs, has been automatically substituted as the defendant in this action under Federal Rule of Civil Procedure 25(d).

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge